## Foster v. Sellards.

(Decided April 21, 1936.)

COMBS & COMBS for appellant.

B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE REES—Revesring.

The appellant, Henry Norton Foster, an architect, was employed by the appellee, Maggie Sellards, to prepare plans and specifications for a hotel building in the city of Prestonsburg, and to superintend its construction. The written contract, signed by both parties, provided that appellant's compensation should be a sum equal to 3 per cent. of the total cost of the completed work, and $20 for each day spent by him in superintending the construction of the building. He was to receive $250 upon completion of the specifications and general working drawings and details sufficient for bidding purposes, and the balance of the percentage of the contract price when the bid for the work was accepted. He prepared plans and specifications for a hotel building with a basement and two stories and was paid $250. Bids for the construction of the building were asked, and several bids were received, ranging in amount from $12,000 to $30,467. The $12,000 bid was made by W. B. Westbrook, and was accepted. After the acceptance of the bid, appellant was paid $110, making in all received by him $360, or 3 per cent. of $12,000, the contract price.

Appellant lived in Ashland, Ky., and when the final payment of $110 was made, he stated that he would gladly return to Prestonsburg at any time he was needed during the construction of the building, for which he was to be paid at the rate of $20 a day, but that he hoped that it would not be necessary for him to return, since he was busy in Ashland. He was not called, and was not in Prestonsburg while the building was under construction. After the contract for the construction of the building was let, appellee concluded to build an additional story, and the contractor agreed to construct it for $3,000. After appellant learned that a three-story building had been constructed, he brought this suit to recover additional compensation which he claimed was due. It was an action in equity to compel the defendant to disclose all the items of cost of the

construction of the third story of the building, and the cost of the construction of the entire building, and the appellant sought to recover the sum of $550 and such further sums as would amount to 3 per cent. of the total cost of the building. Proof was heard, and, upon submission of the case, the chancellor entered a judgment for the defendant.

It is appellant's theory that the contract for the construction of the building, entered into between appellee and W. B. Westbrook, was not made in good faith, but was collusively and fraudulently made for the purpose of depriving appellant of a part of the commission due him for preparing the plans and specifications. There is no evidence of fraud, however, other than the great disparity between Westbrook's bid and the other bids for the construction of the building received by the appellee. This alone is not sufficient to authorize the deduction that the contract between Westbrook and appellee was not made in good faith.

Appellant claims that he is entitled to 3 per cent. of the cost of constructing the additional story, which was not provided for in the plans and specifications prepared by him, on the ground that his plans and specifications were used in its construction, and the appellee received the benefit thereof. Appellee's proof shows, however, that the interior of the third story differs from the interior of the first and second stories, and that plans therefor were prepared by W. B. Westbrook, the contractor. The appellant testified that on account of the stairway new plans for the third story would have been necessary, and that three days' time would have been required to prepare such plans. Under these circumstances, appellant was not entitled, under his contract, to 3 per cent. of the cost of the additional story. He also sought to show that the building cost far more than $12,000, because of payments by appellee for material for which Westbrook failed to pay. Appellee paid to the contractor the contract price, and whether he used the money for paying for labor and materials, or for other purposes, does not appear. In any event, appellant's compensation must be measured by the contract price, and not by the cost to appellee occasioned by default of the contractor.

Appellee conceded in her testimony that she used

pressed brick in the construction of the building instead of the type specified when the contract was let, and that the additional cost was $4,500. Where the architect's compensation for preparing plans and specifications is a fixed percentage of the cost of the building, he is entitled to the specified percentage on the actual cost, although it exceeds the contract price, if the additional cost is brought about by changes ordered by the owner, such as the substitution of more expensive materials for those specified. Any other rule would open the door for fraud. Saad v. Bates, 208 Ky. 542, 271 S. W. 568; 5 C. J. 264. The substitution of more expensive materials for those specified required no alterations in the drawings, and the first and second stories were constructed as designed by appellant. Under the contract, he is entitled to 3 per cent. of the total cost of that portion of the building which was constructed in accordance with the plans prepared by him.

Since it is apparent that two-thirds of the brick were used in the construction of the two stories for which appellant prepared plans and specifications, the additional cost of that portion of the building, caused by the substitution of more expensive brick, amounted to $3,000, and he is entitled to 3 per cent. on that amount. It follows that the chancellor erred in refusing him any recovery, and the judgment is reversed, with directions to enter a judgment in conformity herewith.